ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

FILED
U.S. DIST. COURT
SAVANNAH DIV.

MAR 1  9 56 AM '99

CLERK,
SO. DIST. OF GA.

| | | |
|---|---|---|
| CEDRIC D. GREEN, | * | |
| Plaintiff, | * | |
| vs. | * | |
| SAM A. KAMINSKY, | * | CIVIL ACTION |
| JEFFERY G. WOOD, | | |
| THOMAS W. MCCOOK | * | FILE NO. CV498-147 |
| LINWOOD GRINER, | | |
| WALTER DEAL, | * | |
| THE CITY OF GARDEN CITY, | | |
| and JOHN DOE, | * | |
| Defendants. | * | |

## DEFENDANT KAMINSKY'S MOTION FOR SUMMARY JUDGMENT

COMES NOW Sam A. Kaminsky, a Defendant in the above-styled case, and moves the Court pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1 for the Southern District of Georgia for an Order directing entry of summary judgment in favor of this Defendant and against Plaintiff. This Motion is made on the grounds that no genuine triable issue of material fact exists and that the Defendant is entitled to judgment as a matter of law. This Motion is based upon all depositions, documents and pleadings properly filed of record with the Clerk.

56

This 26th day of February, 1999.

Respectfully submitted,

DILLARD & BOWER

BY: _____
TERRY A. DILLARD
Georgia Bar No.: 222050

BY: _____
REBECCA R. CROWLEY
Georgia Bar No.: 198725
ATTORNEYS FOR DEFENDANT
SAM A. KAMINSKY

209 Tebeau Street
Post Office Box 898
Waycross, Georgia 31502
(912) 285-2915

## CERTIFICATE OF SERVICE

I, Rebecca R. Crowley, of Dillard & Bower, attorneys for Defendant Sam A. Kaminsky, do hereby certify that I have this day served a copy of the foregoing **Defendant Kaminsky's Motion for Summary Judgment** upon:

>Mr. Michael L. Edwards
>**Attorney for the Plaintiff**
>Post Office Box 8501
>Savannah, GA   31412
>
>Mr. Patrick T. O'Connor
>**Attorney for Defendants Jeffrey G. Wood and The City of Garden City**
>Post Office Box 10186
>Savannah, GA   31412
>
>Mr. Terry L. Readdick
>**Attorney for Defendants Thomas W. McCook, Linwood Griner, and Walter Deal**
>Post Office Box 220
>Brunswick, GA   31521

by mailing a copy of the same to each of them in a properly addressed envelope with sufficient postage to cover the same.

This 26th day of February, 1999.

_____
REBECCA R. CROWLEY
Georgia Bar No. 198725

```
CASE:      4:98-cv-00147
DOCUMENT:  57
DATE:      03/01/99

CLERK:     rrr
```

**ORIGINAL**

FILED
U.S. DIST. COURT
SAVANNAH DIV.

MAR 1  9 56 AM '99

CLERK,
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| CEDRIC D. GREEN, | * | |
| Plaintiff, | * | |
| vs. | * | |
| SAM A. KAMINSKY, | * | CIVIL ACTION |
| JEFFERY G. WOOD, | | |
| THOMAS W. MCCOOK | * | FILE NO. CV498-147 |
| LINWOOD GRINER, | | |
| WALTER DEAL, | * | |
| THE CITY OF GARDEN CITY, | | |
| and JOHN DOE, | * | |
| Defendants. | * | |

**STATEMENT OF MATERIAL FACTS AS TO WHICH THERE EXISTS
NO GENUINE ISSUES TO BE TRIED AND THEORIES OF RECOVERY**

COMES NOW Sam A. Kaminsky, a named Defendant in the above-styled action, and states the following Statement of Facts as to Which There Exists No Genuine Issues to be Tried and Theories of Recovery as follows:

**FACTS**

1. On January 15, 1995, a Hardee's Restaurant in Garden City, Chatham County, Georgia, was robbed at gunpoint. (Complaint, paragraph 12).

2. As a result of said armed robbery, the Garden City Police Department initiated an investigation. The participants in that investigation were Defendants Wood, McCook, Kaminsky,

57

Griner and Deal, McCook being the lead investigator. (Complaint, paragraphs 13-16).

3. Defendant Kaminsky was instructed to examine the scene for any evidence, including, but not limited to, fingerprints. Latent fingerprints were discovered at the scene. (Complaint, paragraph 17).

4. During the course of the investigation, the Garden City Police Department began to suspect Plaintiff Cedric Green. Said suspicions were based upon statements by witnesses who overheard Plaintiff Green make incriminating statements and a confession by Plaintiff Green's partner in the crime implicating Plaintiff Green. (Deposition of Walter Deal, pp. 11-12, 26 and Deposition of Linwood Griner, pp. 13, 33).

5. On June 28, 1995, Plaintiff Green was asked to come to the Garden City Police Department, which he did voluntarily. As Plaintiff Green was maintaining his innocence, the investigators requested that he provide them with a copy of his fingerprints which would help to clear him of suspicion. They were also questioning him to see if they could uncover any evidence with regard to other armed robberies in the area similar to the Hardee's armed robbery. (Deposition of Defendant Griner, pp. 34-36).

6. The fingerprints were taken by Defendant Griner and Defendant Kaminsky was not even present during the taking of the fingerprints. (Deposition of Defendant Griner, pp. 14, 17).

2

7. The fingerprints provided by Plaintiff Green were given to Defendant Kaminsky, who examined them and pronounced that there was a match between Plaintiff's fingerprints and a latent print allegedly lifted from the Hardee's scene. (Deposition of Griner, pp. 17-20).

8. Defendants Wood, McCook, Griner and Deal did not participate in the alleged lifting of Plaintiff Green's fingerprint from the scene of the crime and maintain that they did not know the questionable nature of the evidence during the ongoing investigation. (Deposition of Defendant Griner, p. 26; Deposition of Defendant Deal, p. 21; Deposition of Defendant McCook, p. 21 and Deposition of Defendant Wood, p. 28).

9. Defendant Wood testified that at no time during the investigation of Defendant Kaminsky did the department ever uncover evidence that Defendant McCook, Defendant Griner or Defendant Deal had any knowledge that the latent fingerprints were not lifted from the Hardee's scene. (Deposition of Defendant Wood, pp. 63-63).

10. Based upon the testimony of witnesses, the testimony of coconspirators and the fingerprint evidence, the Garden City Police Department obtained a warrant for the arrest of Plaintiff Green on July 7, 1995, from the Garden City Municipal Court. (Complaint, paragraph 36).

11. Plaintiff Green was arrested and incarcerated on July 12, 1995. (Complaint, paragraph 37). A preliminary hearing was held on August 2, 1995, wherein Plaintiff Green was bound

over for trial. (Complaint, paragraph 38). On September 27, 1995, the Chatham County Grand Jury returned two true bills against Plaintiff Cedric Green. (Complaint, paragraphs 46-49).

12. Subsequent to the indictments, the Chatham County Police Department and the Chatham County District Attorney became aware of the fact that there were certain irregularities in the latent prints of Plaintiff Green allegedly lifted from the Hardee's crime scene which cast doubt upon their authenticity. (Deposition of Defendant Wood, p. 28). Accordingly, the indictments against Plaintiff Green were nol- prossed on April 8, 1996 and July 22, 1996. (Complaint, paragraphs 50-51).

13. Even before the Garden City Police Department obtained the alleged fingerprint evidence, they had enough probable cause to arrest Plaintiff Green for the armed robbery of the Hardee's Restaurant. (Deposition of McCook, p. 22 and Deposition of Griner, p. 20).

14. Therefore, on October 16, 1996, the charges were resubmitted to the Chatham Court Grand Jury without the fingerprint evidence, and the Grand Jury once again returned a true bill against Plaintiff Green for the Hardee's armed robbery. (Complaint, paragraphs 52-53).

15. Plaintiff Green was acquitted of the charges on July 25, 1997. (Complaint, paragraph 54). However, a motion by Plaintiff for a Directed Verdict of Acquittal at the close of the State's case was denied by the Court.

16. The case at bar was filed by Plaintiff Green on June 9, 1998.

## THEORIES OF RECOVERY

I. Plaintiff asserts no valid, substantive basis to support his allegations of constitutional violations of his civil rights pursuant to 28 U.S.C.A. § 1983. Therefore, Defendant Kaminsky is entitled to judgment as a matter of law as to Count 1.

II. By its definition, a conspiracy must involve more than one person. As there is no evidence in support of Plaintiff's 28 U.S.C.A. § 1985 claim that anyone other than Defendant Kaminsky had any knowledge that the latent prints were not actually lifted from the scene of the crime, Defendant Kaminsky is entitled to judgment as a matter of law as to Count 2.

III. As Plaintiff's false arrest action is effectively merged into his malicious prosecution action, Defendant Kaminsky is entitled to judgment as a matter of law as to Count 3.

IV. Malicious prosecution actions fail if the facts show that there was probable cause supporting the charges. As there are sufficient indications that probable cause existed and a binding determination on the issue by the Chatham County Superior Court, Defendant Kaminsky is entitled to judgment as a matter of law as to Count 4.

V. Plaintiff Green's cause of action for intentional infliction of emotional distress against Defendant Kaminsky for the alleged manufacture of the fingerprint evidence fails as Plaintiff has no evidence of severe emotional distress. Therefore, Defendant Kaminsky is entitled to judgment as a matter of law as to Count 5.

This 26th day of February, 1999.

Respectfully submitted,

DILLARD & BOWER

BY: _____
TERRY A. DILLARD
Georgia Bar No.: 222050

BY: _____
REBECCA R. CROWLEY
Georgia Bar No.: 198725
ATTORNEYS FOR DEFENDANT
SAM A. KAMINSKY

209 Tebeau Street
Post Office Box 898
Waycross, Georgia 31502
(912) 285-2915

**CERTIFICATE OF SERVICE**

I, Rebecca R. Crowley, of Dillard & Bower, attorneys for Defendant Sam A. Kaminsky, do hereby certify that I have this day served a copy of the foregoing **Statement of Facts as to Which There Exists no Genuine Issues to be Tried and Theories of Recovery** upon:

>Mr. Michael L. Edwards
**Attorney for the Plaintiff**
Post Office Box 8501
Savannah, GA  31412

>Mr. Patrick T. O'Connor
**Attorney for Defendants Jeffrey G. Wood and The City of Garden City**
Post Office Box 10186
Savannah, GA  31412

>Mr. Terry L. Readdick
**Attorney for Defendants Thomas W. McCook, Linwood Griner, and Walter Deal**
Post Office Box 220
Brunswick, GA  31521

by mailing a copy of the same to each of them in a properly addressed envelope with sufficient postage to cover the same.

This 26th day of February, 1999.

_____
REBECCA R. CROWLEY
Georgia Bar No. 198725